**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**ST. JOHNS COUNTY SCHOOL DIS-**
**TRICT et al., Defendants-**
**Appellees,**

**Baker County School District et al.,**
**Defendants.**

**No. 30413.**

United States Court of Appeals,
Fifth Circuit.

July 15, 1971.

Appeal from the United States District Court for the Middle District of Florida; Charles R. Scott, Judge.

John L. Briggs, U. S. Atty., Jacksonville, Fla., David D. Gregory, Brian K. Landsberg, Attys., Civil Rights Div., Jerris Leonard, Asst. Atty. Gen., David L. Norman, Acting Deputy Asst. Atty. Gen., U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellant.

Adam G. Adams, II, Jacksonville, Fla., for defendants-appellees.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Involved on this appeal is the district court's order directing the desegregation of the schools of St. Johns County. It is agreed by counsel for the parties that the only question on appeal is whether the order of the United States District Court approving a plan of integration has met the Constitutional requirement to establish a unitary, non-discriminato-

ry public school system in St. Johns County, Florida. The only school involved is Webster Elementary School, which under the court order remains all black. Submitted to the district court were two alternative proposals which would fully desegregate the school.

The essential facts are not in dispute.[1] With the exception of Webster, the school authorities have made substantial progress in complying with Constitutional requirements with respect to integration. There are thirteen schools in the system which serve approximately 6,900 students of whom about 31% (2,100) are black. Webster School has the capacity to serve some 475 students composed of grades K-6. It is located in St. Augustine in the heart of a densely populated black residential area. Less than 1½ miles east of Webster is Evelyn Hamblen Elementary School which serves roughly 579 students, approximately 13% of whom are black. John A. Crookshank Elementary School is located less than 3 miles north of Webster and it serves 600 elementary school children, approximately 11% of whom are black. Bus transportation is now provided in appropriate circumstances, and if either alternative plan presented to the district court should be approved, no substantial financial burden would be imposed on the school system; it is strongly indicated that no additional buses would be necessary.

Since this appeal was perfected and submitted to the court, the School Board represents to the court that it has made substantial changes in the plan approved by the district court and now under review. Under the new proposed plan

Webster School would become a sixth grade center and Orange Street School a fifth grade center. The grade structure of the remaining four schools (Crookshank, Evelyn Hamblen, Fuller Wood and R. B. Hunt) would be 1-4. A large number of black students in grade 1-4 would be moved from Webster and Orange Street Schools to the remaining four schools. Likewise it would be necessary to transport a large number of white students to the fifth and sixth grade centers at Orange Street School and Webster School. These changes would result in a racial composition of the six elementary schools mentioned of approximately 71% to 75% white and 25% to 29% black. The changes proposed with respect to the transportation of elementary students will involve relatively short distances ranging from approximately a mile and one-half to 4 miles. Transportation will be provided for those students who may be required to walk along hazardous routes.

The judgment of the district court is vacated and the cause is remanded for consideration of the School Board's newly proposed plan of desegregation. In its consideration the district court must be guided by the principles established in Swann v. Charlotte-Mecklenburg Board of Education, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554 (1971) insofar as they relate to this case. The district court shall require the School Board to file a semi-annual report during the school year similar to those required in United States v. Hinds County School Board, 433 F.2d 611, 618–619 (5th Cir. 1970).[2]

Vacated and remanded with directions.

---

1. After this appeal was perfected and the briefs of the parties were filed, the court requested additional information and supplemental briefs. Thereafter, a Judge of the court conducted a conference with the attorneys for the parties in accordance with the provisions of Rule 33 of the Federal Rules of Appellate Procedure.

2. Without suggesting that any of the issues discussed in Singleton v. Jackson

Municipal Separate School District, 419 F.2d 1211 (5th Cir. 1970) are involved on this appeal or will necessarily be involved upon hearing after remand, any plan finally approved by the district court must not be inconsistent with the requirements of Singleton. Moreover, if deemed necessary or appropriate by the district court, consideration may be given to the establishment of a bi-racial committee.